### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FOUNDATION CREDIT FUNDS, LLC, | : | Civil Action No. 06-0893(NLH) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| BRANCH BANKING AND TRUST CO. | : | |
| and LAWRENCE BROWN, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**APPEARANCES:**

Stephen D. Samost, Esquire
Law Offices Stephen D. Samost
479 Centennial Boulevard
Voorhees, NJ 08043-3802

    *Attorney for Plaintiff*

John J. Jacko, III, Esquire
Buchanan Ingersoll & Rooney, PC
1835 Market Street
14th Floor
Philadelphia, PA 19103

    *Attorney for Defendant Branch Banking and Trust Co.*

John B. Kearney, Esquire
David A. Haworth, Esquire
Ballard, Spahr, Andrews & Ingersoll, LLP
Plaza 1000, Suite 500
Main Street
Voorhees, NJ 08043-4636

    *Attorneys for Defendant Lawrence Brown*

**HILLMAN, District Judge**

        This matter has come before the Court on the motions of

Defendants Branch Banking and Trust Company ("BB&T") and Lawrence

Brown to dismiss the Complaint of Plaintiff Foundation Credit

Funds, LLC ("FCF") for failure to state a claim pursuant to Fed.

R. Civ. P. 12(b)(6).

Plaintiff alleges in its Complaint that Defendants' actions in a concurrently-pending state court proceeding constituted malicious use of process (Count One), malicious abuse of process (Count Two), and tortious interference with contract and/or prospective business relationships of Plaintiff (Count Three). In its motion to dismiss, Defendant BB&T argues that Plaintiff's Complaint as to all three counts is insufficiently pled and otherwise barred by the entire controversy doctrine.  In Defendant Brown's motion to dismiss, he argues that Plaintiff's Complaint as to all three counts is insufficiently pled, or in the alternative, should be dismissed as premature and/or barred by the doctrine of litigation privilege.  Plaintiff counters Defendants' arguments by contending that its Complaint is not deficient, that it is not premature, that it is not barred by the litigation privilege, and that the entire controversy doctrine does not apply.[1]

When considering a motion to dismiss a complaint for failure

---

[1]Plaintiff is correct that the entire controversy doctrine does not apply at this time.  The doctrine only precludes successive suits involving related claims, and it does not require dismissal when multiple actions involving the same or related claims are pending simultaneously.  See Rycoline Products, Inc. v. C & W Unlimited, 109 F.3d 883, 887 (3d Cir. 1997) (citing Kaselaan & D'Angelo Assocs., Inc. v. Soffian, 675 A.2d 705, 708 (N.J. Super. Ct. App. Div. 1996)).  Here, because the state court proceeding is still pending, the entire controversy doctrine is not a bar to Plaintiff's suit. Defendants' motions will be decided on different grounds.

to state a claim upon which relief can be granted pursuant to
Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded
allegations in the complaint as true and view them in the light
most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d
347, 351 (3d Cir. 2005).  Under the liberal federal pleading
rules, it is not necessary to plead evidence, and it is not
necessary to plead all the facts that serve as a basis for the
claim.  Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir.
1977).  However, "[a]lthough the Federal Rules of Civil Procedure
do not require a claimant to set forth an intricately detailed
description of the asserted basis for relief, they do require
that the pleadings 'give defendant fair notice of what the
plaintiff's claim is and the grounds upon which it rests,'"
Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3
(1984), and a court need not credit either "bald assertions" or
"legal conclusions" in a complaint when deciding a motion to
dismiss, In re Burlington Coat Factory Sec. Litig., 114 F.3d
1410, 1429-30 (3d Cir. 1997).  A court must only consider the
facts alleged in the pleadings, the documents attached thereto as
exhibits, matters of judicial notice, and "an undisputedly
authentic document that a defendant attaches as an exhibit to a
motion to dismiss if the plaintiff's claims are based on the
document."  Pension Benefit Guar. Corp. v. White Consol. Indus.,
Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

The elements of Plaintiff's three counts are as follows:

In order to state a claim for malicious use of process (Count One), Plaintiff must establish that: 1) BB&T and Brown's state court suit was brought without probable cause; 2) BB&T and Brown were actuated by malice; 3) the action terminated in Plaintiff's favor; and 4) a special grievance was suffered. <u>SBK Catalogue Partnership v. Orion Pictures Corp.</u>, 723 F. Supp. 1053, 1068 (D.N.J. 1989) (citing <u>Penwag Property Co., Inc. v. Landau</u>, 388 A.2d 1265 (N.J. 1978)).

In order to state a claim for malicious abuse of process (Count Two), Plaintiff must prove Defendants': 1) "improper, unwarranted and perverted use of process after" it was issued; and 2) an ulterior purpose in securing it by committing "further acts" which reveal a motive to coerce or oppress the plaintiff. <u>Wozniak v. Pennella</u>, 862 A.2d 539, 549 (N.J. Super. Ct. App. Div. 2004).

In order state a claim for tortious interference with contract and/or prospective business relationships (Count Three), Plaintiff must prove: 1) that Plaintiff had a reasonable expectation of an economic benefit or advantage; (2) that Defendants knew of Plaintiff's expectancy; (3) that Defendants wrongfully and intentionally interfered with this expectancy; (4) a reasonable probability that but for Defendants' wrongful interference, Plaintiff would have realized the economic benefit;

4

and (5) that Plaintiff was injured as a result of Defendants'
conduct.  <u>Carpet Group Intern. v. Oriental Rug Importers Ass'n,</u>
<u>Inc.</u>, 256 F. Supp. 2d 249, 287-88 (D.N.J. 2003) (citations
omitted).

    Upon review of Plaintiff's Complaint, Plaintiff has failed
to sufficiently plead the elements of its three counts.  With
regard to Plaintiff's malicious use of process and malicious
abuse of process claims, Plaintiff has failed to plead that
Defendants' alleged actions in the state court proceeding were
motivated by malice.  Without any allegation that Defendants'
actions were malicious or motivated by an improper purpose -
rather then just vigorous advocacy of a colorable claim in state
court - Plaintiff has failed to plead the most basic and
necessary requirement for a malicious use of process claim and
malicious abuse of process claim.[2]

    With regard to Plaintiff's tortious interference claim,

_____

[2]Count One also fails because Plaintiff does not, and
cannot, plead that the state case was terminated in its favor.
As it was pointed out previously, <u>see</u> <u>supra</u> note 1, the state
case is still pending, and Plaintiff concedes that the state
court action has not been concluded.  <u>See</u> <u>Jeter v. Stevenson</u>, 664
A.2d 952, 953 n.1 (N.J. Super. Ct. App. Div. 1995) (citing <u>In re</u>
<u>Estate of Johnson</u>, 572 A.2d 1163, 1164 (N.J. Super. Ct. App. Div.
1990) (final judgment must dispose of all issues as to all
parties)); Pl.'s Opp. at 37 ("As Brown points out in his brief,
the State Court Action is not concluded.").  Plaintiff cannot
have it both ways.  If the state case is over, these claims may
be barred by the entire controversy doctrine.  If the case is
still pending, Plaintiff cannot allege the third element of a
malicious use of process claim.

Plaintiff merely states, "Given the continuing nature of the claims made by defendants against FCF, FCF was and has been unable to obtain new and/or additional financing for its business activities and has so advised defendants.  Despite being advised of the detrimental effects of their claims against FCF, defendants continued to pursue allegations against FCF.  The continuing allegations made by defendants included false, misleading, defamatory, inflammatory and/or libelous statements made by defendants to third parties, including ISNB, FCF's lender.  As a result of the wrongful actions of defendants, FCF has been damaged."  (Compl. ¶¶ 29-32.)

Considering the elements Plaintiff must prove to support a tortious interference claim, these general allegations as to both BB&T and Brown collectively are insufficient to state a claim for tortious interference against either Defendant.  More specifically, although Plaintiff alleges a financial relationship with ISNB and that Defendants collectively made statements to them, there is no effort to plead what those statements were and how they affected the alleged financial relationship.  The same is true regarding unnamed "third parties".  Absent some allegation of a causal relationship between these alleged events, Plaintiff has failed to state a claim.  The tort requires that the Plaintiff allege actual interference with the relationship, some degree of but-for causation, and actual damages.

Plaintiff's vague, bare-bones, and disjointed allegations of unspecified relationships, contacts, and damages fail to provide the basic information and notice Rule 12 requires.

In its opposition papers Plaintiff attempts to supplement its Complaint and counter Defendants' deficiency arguments with a "Statement of Facts," which Plaintiff explains "tracks those found in the Brief and Reply Brief submitted by FCF in the State Court action." (Pl. Opp. at 5 n.1.) Even though in reviewing a Rule 12(b)(6) motion the Court may consider several items in addition to the facts alleged in the pleading, Plaintiff's version of the facts as set forth in its brief is not one. It is only the facts alleged in Plaintiff's Complaint that the Court must take as true and view in the light most favorable to Plaintiff.

Additionally, insufficiencies in Plaintiff's claims as pled cannot be cured by a brief submitted in opposition to Defendants' motions to dismiss. Rather, the mechanism for curing pleading deficiencies is to file a formal motion for leave to amend pursuant to Fed. R. Civ. P. 15(a). See Ranke v. Sanofi-Synthelabo, Inc., 436 F.3d 197, 206 (3d Cir. 2006)(upholding the district court's dismissal of plaintiffs' complaint because plaintiffs did not file a formal motion for leave to amend and stating that if plaintiffs "had been in possession of facts that would have augmented their complaint and possibly avoided

7

dismissal, they should have pled those facts in the first instance"). Plaintiff, however, has not filed such a motion.

Consequently, because Plaintiff's Complaint fails to sufficiently allege its claims for malicious use of process, malicious abuse of process, and tortious interference with contract and/or prospective business relationships of Plaintiff, it must be dismissed for failure to state a claim upon which relief can be granted. An appropriate Order will issue.

Dated: December 21, 2006          s/ Noel L. Hillman

At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.

8